CILENTI & COOPER, PLLC
Giustino (Justin) Cilenti (GC2321)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
JONATHAN VARGAS, on behalf of himself and others : Case No. 19-CV-1167
similarly situated, :
:
Plaintiff, : FLSA COLLECTIVE
: ACTION COMPLAINT
-against- :
:
SUN MERRY USA INC. d/b/a SUNMERRY BAKERY : **Jury Trial Demanded**
AND CAFÉ, PEI-HSUAN KAO, and JOHN DOES 1-5, :
:
Defendants. :
-------------------------------------------------------------------X

Plaintiff JONATHAN VARGAS ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants SUN MERRY USA INC. d/b/a SUNMERRY BAKERY AND CAFÉ ("SUNMERRY" or the "Bakery"), PEI-HSUAN KAO, and JOHN DOES 1-5 (the "Individual Defendants") (SUNMERRY and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.   This is an action brought by Plaintiff on his own behalf and on behalf of all other similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law and Regulations ("NJWHLR"), N.J.S.A. §§ 34:11-56a *et seq.*, arising from the Defendants' failure to pay non-

exempt employees at the statutory overtime rate of time and one-half for all hours worked over forty (40) hours per workweek.

2. Upon information and belief, for more than three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHLR by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation at the statutory rate of time and one-half for all hours worked above forty (40) hours in a workweek.

3. Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to the NJWHLR, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) pre-judgment and post-judgment interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiff is a resident of New York County, New York.

8. Defendant, SUNMERRY, is a domestic business corporation organized under the laws of the State of New Jersey, with a principal place of business located at 2151 Lemoine Avenue, Fort Lee, New Jersey 07024.

9. Defendant, PEI-HSUAN KAO (a/k/a "Peter" Kao) is a shareholder, owner, officer, director and managing agent of SUNMERRY who participates in the day-to-day operations of the Bakery and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with SUNMERRY.

10. Defendant, JOHN DOE, known to Plaintiff as "Bruce," is a shareholder, owner, officer, director and managing agent of SUNMERRY who participates in the day-to-day operations of the Bakery and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with SUNMERRY.

11. The Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they had and continue to have the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) create and maintain employment records.

12. Upon information and belief, during each of the most recent three (3) years, SUNMERRY was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13. From in or about September 2012 until in or about November 2018, Defendants employed Plaintiff to work as a non-exempt dough maker and baker for Defendants' Bakery.

14. The work performed by Plaintiff was directly essential to the business operated by Defendants.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and NJWHLR.

16. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

17. The Individual Defendants are present at the Bakery every day and actively participate in the day-to-day operation of the Bakery. For instance, the Individual Defendants are not only considered the bosses, they personally work alongside the employees, supervise and direct the work of the employees, instruct all employees how to perform their jobs, and correct the employees for any errors made.

18. In addition, the Individual Defendants create and implement all crucial business policy. This includes, among other things, decisions concerning the number of hours the employees are required to work, and the amount and method by which the employees are paid.

19. In or about September 2012, Defendants hired Plaintiff to work as a non-exempt dough maker.

20. In or about 2014, Plaintiff was promoted to the position of baker.

21. Plaintiff worked continuously for Defendants in those capacities until in or about November 2018.

22. During the course of Plaintiff's employment, he worked over forty (40) hours per week.

4

23. During the relevant limitations period beginning in January 2016 and continuing through in or about September 2018, Plaintiff worked six (6) days per week and his work shift consisted of nine (9) hours per day from 5:00 a.m. until 2:00 p.m.

24. Plaintiff would occasionally work seven (7) days per week.

25. From the beginning of the relevant limitations period beginning in January 2016 and continuing through in or about December 2016, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid – partly by check and partly in cash, at the rate of $11 per hour straight time for all hours worked, and worked fifty-four (54) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

26. Beginning in or about January 2017 and continuing through in or about September 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid – partly by check and partly in cash, at the rate of $12 per hour straight time for all hours worked, and worked fifty-four (54) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27. Beginning in or about October 2018 and continuing through the remainder of his employment in or about November 2018, Plaintiff worked five (5) days per week and his work shift consisted of nine (9) hours per day from 5:00 a.m. until 2:00 p.m.

28. Beginning in or about October 2018 and continuing through October 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid – partly by check and partly in cash, at the rate of $12 per hour straight time for all hours worked, and worked forty-five (45) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29. Beginning in or about November 2018 and continuing through the remainder of his employment in or about November 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid – partly by check and partly in cash, at the rate of $13 per hour straight time for all hours worked, and worked forty-five (45) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30. Plaintiff was always required to punch a time clock or other similar time-recording device.

31. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in direct violation of the FLSA and NJWHLR.

32. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since January 28, 2016 until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

34. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is

unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

35. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

36. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

38. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have

acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

  a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

  b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

  c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

  d. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

  e. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

  f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

39. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

40. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

41.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

44.     Upon information and belief, at least within each of the three (3) most recent years, SUNMERRY has had gross revenues in excess of $500,000.

45.     Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

46.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the minimum hours provided for in the FLSA.

47.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

49. Defendants have failed to make, record, report, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

50. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

51. As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

53. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New Jersey Wage and Hour Law]**

54. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a(1)(g).

56. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for all hours worked in excess of forty (40) hours in a workweek in violation of N.J.S.A. § 34:11-56a4.

57. Defendants knew of and/or showed a willful disregard for the provisions of the NJWHLR as evidenced by their failure to pay Plaintiff his lawful overtime compensation for all hours worked when they knew or should have known such was due.

58. Defendants' actions were willful and not in good faith within the meaning of N.J.S.A. §§ 34:11-56a25.2.

59. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of N.J.S.A. § 34:11-56a20, N.J.A.C. §§ 12:56-4.1, 12:56-4.2.

60. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the N.J.A.C. § 12:56-4.4.

61. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of the Defendants' acts.

62. Due to the Defendants' NJWHLR violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56.8. Plaintiff is also entitled to liquidated damages pursuant to N.J.S.A. § 34:11-56.8.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff JONATHAN VARGAS, on behalf of himself all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New Jersey Wage and Hour Law;

(b) An award of liquidated damages as a result of the Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(c) An award of prejudgment and post-judgment interest;

(d) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       January 28, 2019

                                         Respectfully submitted,

                                         CILENTI & COOPER, PLLC
                                         *Attorneys for Plaintiff*
                                         708 Third Avenue – 6th Floor
                                         New York, NY 10017
                                         T. (212) 209-3933
                                         F. (212) 209-7102

By: _____
       Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, \_\_Jonathan Vargas\_\_, am an employee currently or formerly employed by \_\_Sun Merry USA\_\_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
\_\_1/10\_\_, 2019

*/s/ Jonathan Vargas*