UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN VARGAS, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SUN MERRY USA INC. d/b/a SUNMERRY BAKERY AND CAFÉ, PEI-HSUAN KAO, and JOHN DOES 1-5,<br>    Defendants. | Civil Action No. 2:19-cv-1167<br><br>*Electronically Filed* |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Giustino (Justin) Cilenti
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Tel: (212) 209-3933
*Attorneys for Plaintiff*

M. Trevor Lyons
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel: (973) 757-1100
*Attorneys for Defendants*

*On the Brief:*
M. Trevor Lyons

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT ................................................................................ | 4 |
| II. | FACTUAL BACKGROUND & PROCEDURAL HISTORY ..................................... | 4 |
| III. | THE AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE OVER AN FLSA CLAIM ................................................................ | 6 |
| | A.  Legal Standard ................................................................................................. | 6 |
| | B.  The Agreement Resolves a Bona Fide Dispute Between the Parties ................. | 7 |
| | C.  The Agreement is Fair and Reasonable ............................................................. | 7 |
| |     1.  The Agreement is Fair to Plaintiff ................................................................. | 7 |
| |     2.  The Agreement Provides for Reasonable Attorneys' Fees .............................. | 8 |
| |     3.  The Terms of the Agreement Do Not Impermissibly Frustrate the Purposes of the FLSA .................................................................................................. | 8 |
| IV. | CONCLUSION .......................................................................................................... | 10 |

## **TABLE OF AUTHORITIES**

### **Cases**

*Barrentine v. Arkansas-Best Freight Sys.*,
   450 U.S 728 (1981) ............................................................................................... 6
*Brumley v. Camin Cargo Control, Inc.*,
   No. 08-1798, 2012 U.S. Dist. LEXIS 40599 (D.N.J. Mar. 26, 2012) .................... 6, 8
*D.R. by M.R. v. East Brunswick Bd. Of Educ.*,
   109 F.3d 896 (3d Cir. 1997) .................................................................................. 10
*Lynn's Food Stores, Inc. v. U.S.*,
   679 F.2d 1350 (11th Cir. 1982) .............................................................................. 6

### **Statutory Authorities**

29 U.S.C. § 216(b) ..................................................................................................... 8, 9
Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq* .................................................... 4, 6
N.J.S.A. § 34:11-56a ...................................................................................................... 4

3

The parties respectfully submit this memorandum in support of their joint motion for an Order approving the parties' settlement under the Fair Labor Standards Act and dismissing this action.

## I. PRELIMINARY STATEMENT

The above-captioned matter involves claims brought by Plaintiff Jonathan Vargas against Defendants Sun Merry USA Inc. d/b/a Sunmerry Bakery and Café ("Sunmerry") and Pei-Hsuan Kao (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and The New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, *et. seq.* (*See* Docket Entry No. 1, hereinafter "Compl."). Plaintiff has asserted that Defendants failed to pay him the full amount of certain overtime wages. Upon the filing of Plaintiff's Complaint, the parties discussed the merits of the case, engaged in settlement discussions, and exchanged calculations regarding the number of hours Plaintiff worked and the number of hours for which Plaintiff may be owed payment for overtime.

The parties have now successfully negotiated and executed a Settlement Agreement (the "Agreement") resolving all of the claims asserted by Plaintiff. Pursuant to the Agreement, Plaintiff will receive payment for alleged overtime wages due, plus an additional amount as liquidated damages. The Agreement also provides reimbursement of costs and attorneys' fees incurred by Plaintiff as a result of his pursuit of this litigation.

The parties now jointly seek the Court's approval of the Agreement as required by the FLSA so that the Agreement will be enforceable and have binding effect. The parties respectfully request that the Court provide its approval of this negotiated settlement.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff worked at Sunmerry as a dough maker and subsequently as a baker from September 2012 through November 2018. (Compl. ¶¶ 19, 29). In his Complaint, Plaintiff alleges

that beginning in January 2016 through the end of his employment, he regularly worked more than forty hours per week and was not paid at the statutory rate of time and one-half for each hour of work performed beyond forty hours. (*See* Compl.). As to damages, Plaintiff's Complaint sought unpaid overtime compensation, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and expenses. (*See id.*). Plaintiff filed his Complaint as a collective action on behalf of himself and other similarly situated employees of Sunmerry, but he did not seek conditional certification and no other persons were notified of the lawsuit. (Declaration of M. Trevor Lyons, Esq. ("Lyons Decl.") ¶ 4).

A bona fide dispute exists between the parties. Upon receipt of Plaintiff's Complaint, the parties discussed the merits of Plaintiff's allegations. Plaintiff provided a damages calculation in which he alleged he that he regularly worked fifty-four hours per week and was owed unpaid overtime wages for hours worked over the course of almost three years, totaling approximately $11,500. (Lyons Decl. ¶ 6). Defendants reviewed Plaintiff's time and payroll records, prepared their own calculations, and disputed both that Plaintiff worked the number of hours he claimed and that Defendants failed to properly compensate him for all overtime hours worked. (*Id.* at ¶ 7).

In support of their respective positions, the parties exchanged settlement demands and negotiated a settlement at arm's-length resolving all of Plaintiff's claims against Defendants. (*Id.* at ¶ 8). The parties memorialized the terms of their settlement in the Agreement, which reflects a compromise between the parties, with each party taking into account a wide range of possible outcomes in the lawsuit that would be impacted by legal and factual issues to be determined at trial, along with the time and expense of litigating to a final judgment. (*Id.* at ¶ 3, Ex. A). The parties agreed to settle all of Plaintiff's claims for $18,500 as follows:

- $6,000 to Plaintiff for alleged unpaid wages;

5

- $6,000 to Plaintiff for alleged liquidated damages; and

- $6,500 to Cilenti & Cooper, PLLC as attorneys for Plaintiff for attorneys' fees and costs, which represents 33% of the net settlement amount after litigation costs and expenses are deducted.

(*Id.* at ¶¶ 3, 10-12).

The parties seek Court approval of the Agreement because it resolves a bona fide dispute and represents and fair and reasonable resolution of Plaintiff's claims.

### III. THE AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE OVER AN FLSA CLAIM

#### A. Legal Standard

The FLSA was enacted to protect "all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.,* 450 U.S 728, 739 (1981). To that end, the settlement of private actions for back wages under the FLSA must be approved by the District Court to be enforceable. *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982). "When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to the Act's §216(b), the district court may enter a stipulated judgment if it determines that the comprise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.* No. 08-1798, 2012 U.S. Dist. LEXIS 40599, at *4-5 (D.N.J. Mar. 26, 2012) (quoting *Lynn Foods,* 679 F.2d at 1354). "[T]he Court must be reassured that the settlement reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* at *6 (alternations original)(internal quotation marks omitted).

### B. The Agreement Resolves a Bona Fide Dispute Between the Parties

A bona fide dispute is one involving factual issues. *See Brumley,* 2012 U.S. Dist. LEXIS 40599 at *6. As set forth above, in this case the parties dispute several factual issues, namely the number of hours Plaintiff actually worked in any week and whether Plaintiff was appropriately paid for all overtime hours worked. The settlement in this case represents a resolution of these factual disputes, which would otherwise have to be litigated by the parties, and therefore is not a mere waiver of Plaintiff's statutory rights.

### C. The Agreement is Fair and Reasonable

The Court also must evaluate whether the Agreement is "fair and reasonable." *See Brumley,* 2012 U.S. Dist. LEXIS 40599 at *4. Because the Parties' Agreement represents a negotiated resolution of Plaintiff's claims that is fair to Plaintiff and does not impermissible frustrate the purposes of the FLSA, it should be approved.

#### 1. The Agreement is Fair to Plaintiff

Despite the fact that Defendants' dispute the merit of Plaintiff's claims and disagree as to Plaintiff's calculations with respect to purported unpaid overtime he claims he is owed and his claim to liquidated damages, the parties reached the settlement resolution memorialized in the Agreement after arms-length negotiations. Defendants have agreed to pay Plaintiff $6,000 for alleged unpaid wages and $6,000 for alleged liquidated damages, which is proportionate to his alleged losses.[1] (Lyons Decl. at ¶ 11). In addition, Defendants have agreed to pay $6,500 to Plaintiff's counsel as payment for attorneys' fees and costs, an amount that was determined by

---

[1] Plaintiff calculated his unpaid wages to be approximately $11,500. While Defendants disputed that calculation, pursuant to the parties settlement, Plaintiff will receive $18,500, and walk away with $12,000 after attorneys' fees and costs are deducted, thus providing Plaintiff with a settlement amount that covers all alleged unpaid wages per his calculation.

Plaintiff and his counsel. (*Id.* at ¶ 12). These factors strongly suggest that the Agreement is fair to Plaintiff.

### 2. The Agreement Provides for Reasonable Attorneys' Fees

The FLSA permits the recovery of reasonable attorneys' fees to plaintiff's attorneys to compensate them for their work in recovering unpaid wages on behalf of plaintiffs. 29 U.S.C. § 216(b). Judicial approval of the amount of attorneys' fees is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Brumley,* 2012 U.S. Dist. LEXIS 40599 at *29 (internal quotations omitted). The Third Circuit has accepted the percentage-of-recovery method for evaluating an award of attorneys' fees. *Ibid.* Reasonable fee awards "generally range from 19% to 45% of the settlement fund when the percentage-of-recovery method is utilized to assess the reasonableness of requested attorneys' fees." *Id.* at *36.

Here the Agreement provides for attorneys' fees and costs payable to Plaintiff's counsel that equate to 33% of the net settlement amount after litigation costs and expenses are deducted, which is within the range of reasonable fees permitted by the Third Circuit. The parties do not dispute that the requested attorneys' fees are reasonable and no conflict of interest taints the amount Plaintiff will recover under the Agreement.

### 3. The Terms of the Agreement Do Not Impermissibly Frustrate the Purposes of the FLSA

Finally, having concluded that settlement is fair and reasonable, the Court must consider whether the settlement would impermissibly frustrate the purposes of the FLSA. *Brumley,* 2012 U.S. Dist. LEXIS 40599, *13. The court should approve the compromise only if the compromise

is reasonable to the employee and furthers implementation of the FLSA in the workplace. *Id.* (internal quotations omitted).

To enforce worker protections, the FLSA provides that an employer who violates the FLSA is liable to the employee for the amount of unpaid overtime, along with liquidated damages and attorney's fees. Here, the purposes of the FLSA are met as the Agreement provides Plaintiff with payment for alleged unpaid overtime, liquidated damages and his attorneys fees associated with this matter. (*See* Lyons Decl. ¶ 3, Ex. A).

Moreover, the parties' Agreement does not contain a confidentiality clause that would otherwise frustrate the purposes of the FLSA. (*See id.*). *See also Brumley,* 2012 U.S. Dist. LEXIS 40599, at *20. Plaintiff is not silenced as to his agreement with Defendants, and his receipt of payment for alleged overtime work is not conditioned upon confidentiality.

The release of claims within the Agreement is also fair to Plaintiff and does not frustrate the purposes of the FLSA. As a former employee of Sunmerry, Plaintiff has not worked any further hours for Sunmerry beyond those at issue in this lawsuit and, therefore, Plaintiff would have no basis to assert any future FLSA violation against Defendants. Moreover, pursuant to the Agreement Plaintiff has acknowledged that aside from the allegations that form the basis of this dispute, he has been paid in full for all wages due to him from Defendants during the term of his employment. Therefore, while the release in the Agreement waives any future FLSA claims, Plaintiff has not and will not work any further hours for Sunmerry that could be subject to any future FLSA claim.

Finally, the parties' Agreement is consistent with the strong public policy in favor of settlement. "Settlement agreements are encouraged as a matter of public policy because they

promote amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. East Brunswick Bd. Of Educ.,* 109 F.3d 896, 901 (3d Cir. 1997).

This Agreement resolves a pending dispute before this Court that involves several disputed legal and factual issues. Because it is a fair and reasonable resolution of a bona fide dispute, the Court should, respectfully, approve the Agreement.

IV. **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court approve the Agreement and enforce the settlement in this case, and order this matter dismissed.

Respectfully submitted,

| CILENTI & COOPER, PLLC | WALSH PIZZI O'REILLY FALANGA LLP |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| By:  /s/ Justin Cilenti | By:  /s/ M. Trevor Lyons |
| Giustino (Justin) Cilenti | M. Trevor Lyons |
| 10 Grand Central | Three Gateway Center |
| 155 East 44th Street – 6th Floor | 100 Mulberry Street, 15th Floor |
| New York, NY 10017 | Newark, NJ 07102 |
| (t) (212) 209-3933 | (t) (973) 757-1011 |
| Dated: July 29, 2019 | Dated: July 29, 2019 |