M. TREVOR LYONS
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel: (973) 757-1100
Fax: (973) 757-1090
*Attorneys for Defendants*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN VARGAS, on behalf of himself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SUN MERRY USA INC. d/b/a SUNMERRY BAKERY AND CAFÉ, PEI-HSUAN KAO, and JOHN DOES 1-5, <br><br> Defendants. | Civil Action No. 2:19-cv-1167 <br><br> **DECLARATION OF M. TREVOR LYONS, ESQ.** <br><br> *Filed Electronically* |

1.      I am an attorney at law in the State of New Jersey.  I am admitted to practice before this Court.  I am a partner at Walsh Pizzi O'Reilly Falanga LLP, attorneys for Defendants Sun Merry USA Inc. d/b/a Sunmerry Bakery and Café and Pei-Hsuan Kao (collectively "Defendants") in the above captioned matter.  As such, I am familiar with the facts of this matter.

2.      I submit this Declaration in support of the parties' joint motion for approval their negotiated settlement agreement (the "Agreement"), which resolves Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

3.      Attached hereto as Exhibit A is a true and correct copy of the Agreement executed by the parties, which resolves Plaintiff's claims in this lawsuit.

4.      Plaintiff filed his Complaint on January 28, 2019 as a collective action on behalf of himself and other similarly situated employees of Sunmerry. (Docket Entry No. 1, hereinafter "Compl.").

5.      In his Complaint, Plaintiff alleged that from 2016 through 2018, while employed at Sunmerry, Defendants failed to pay him at the statutory rate of time and one-half for certain overtime hours he alleged he worked in excess of forty hours per week.  (*See* Compl.).

6.      Upon service of Plaintiff's Complaint, the parties discussed the merits of Plaintiff's claims and Plaintiff provided a calculation of the damages he sought, alleging he regularly worked fifty-four hours per week and was owed approximately $11,500 in unpaid overtime wages.

7.      Defendants assessed Plaintiff's calculation and reviewed Plaintiff's time and payroll records and disputed both the number of hours Plaintiff alleged he worked and that Defendants failed to properly compensate him for all overtime hours worked.

8.      The parties engaged in arm's-length negotiations and exchanged settlement demands.

9.      Ultimately the parties agreed to settle of Plaintiff's claims for $18,500 and memorialized the terms of their settlement in the Agreement, which reflects a compromise between the parties, with each party taking into account a wide range of possible outcomes in the lawsuit that would be impacted by legal and factual issues to be determined at trial, along with the time and expense of litigating to a final judgment. *See* Exhibit A.

10.      As set forth in Exhibit A, the Agreement includes payment of $6,000 to Plaintiff for alleged unpaid overtime wages, payment of $6,000 to Plaintiff for alleged liquidated damages, and payment of $6,500 to Plaintiff's counsel for attorneys' fees and costs associated with this litigation.

11. The payments of $6,000 for alleged unpaid overtime wages and $6,000 for liquidated damages are proportionate to the alleged losses Plaintiff claimed in his calculation presented to Defendants, as he alleged he was owed $11,500 in unpaid wages.

12. The payment of $6,500 in attorneys' fees and costs represents 33% of the net settlement amount after litigation costs and expenses are deducted, which is reasonable and was proposed by Plaintiff and his counsel.

I declare, that to the best of my knowledge, the statements contained in the foregoing twelve (12) paragraphs are true, and that the Exhibit A attached hereto is a true and correct copy of the original.

Dated: July 29, 2019

_____
M. TREVOR LYONS

**EXHIBIT A**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made this _24ᵗʰ_ day of _July_____, 2019, by and between Jonathan Vargas ("Employee"), and Sun Merry USA Inc. D/B/A Sunmerry Bakery and Café, and Pei-Hsuan Kao (collectively, "Sunmerry") (collectively, Employee and Sunmerry referred to hereinafter as the "Parties");

WHEREAS, Employee filed a civil action, entitled "JONATHAN VARGAS, on behalf of himself and others similarly situated, Plaintiff, v. SUN MERRY USA INC. d/b/a SUNMERRY BAKERY AND CAFÉ, PEI-HSUAN KAO, and JOHN DOES 1-5, Defendants." in the United States District Court for the District of New Jersey, which bears docket number 2:19-cv-1167 (the "Lawsuit");

WHEREAS, Sunmerry denies all, any, each and every allegation and/or claim of wrongdoing made by Employee in the Lawsuit, and Sunmerry further completely denies that it or any of its agents committed any wrongdoing as to Employee;

WHEREAS, Employee has agreed to settle in full all claims known or unknown that he had or may have had against, or could have brought against Sunmerry that were asserted or could have been asserted;

WHEREAS, the Parties believe this Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit and the claims therein, and was negotiated with the assistance of legal counsel;

WHEREAS, the Parties acknowledge that this Agreement resolves a bona fide dispute and constitutes a reasonable compromise over the computation of wages purportedly due to Employee, along with the other allegations in the Lawsuit and the claims therein;

WHEREAS, the Parties acknowledge that this Agreement furthers the purposes of the Fair Labor Standards Act, and any other law, rule, or regulation that is the subject of Employee's allegations;

WHEREAS, the Parties recognize that this Agreement is a compromise, and that it does not represent the value, if any, that each party may have attached to the Lawsuit or the claims therein, and that as a result neither party is or shall be deemed a "prevailing party" pursuant to any applicable statute or legal principle;

NOW THEREFORE, for good and valuable consideration, the sufficiency of which the Parties hereby acknowledge, Employee agrees as follows:

1.   **Consideration:**

(a)   Upon the execution of this Agreement and the running of the seven (7) day revocation period without revocation, Sunmerry shall pay Employee the total sum of eighteen thousand five hundred dollars ($18,500.00) (referred to herein as the "Settlement Proceeds") provided that the Parties' joint motion to approve this Agreement is Granted and an Order containing the essential terms reflected in Exhibit A is entered by the Court.  If there has been no revocation of this Agreement by the Employee and the above referenced Motion is granted, payment shall be made by the release of the Settlement Proceeds from Defendant's attorney trust account fourteen (14) days following the granting of the above referenced Motion or on the date Sunmerry receives completed W-4 form from Employee and W-9 form from his attorney, whichever is later, as follows:

(i)   payment in settlement of Employee's claim for alleged lost wages in the amount of $6,000, minus all applicable taxes and other required deductions, paid in a check payable to Employee, and reported on a Form W-2 issued to Employee;

2

(ii) payment in settlement of Employee's claim for alleged liquidated damages in the amount of $6,000, not subject to any deductions or withholdings, paid in a check payable to Employee, and reported on a Form 1099 issued to Employee; and

(ii) payment for attorneys' fees in the amount of $6,500, not subject to any deductions or withholdings, paid in a check payable to Cilenti & Cooper, PLLC, as attorneys for Employee, and reported on a Form 1099 issued to Cilenti & Cooper, PLLC.

(b)     Employee agrees that all attorneys' fees incurred in connection with the Lawsuit and the claims asserted therein will be paid out of the Settlement Proceeds and that he waives, and will not seek, any further payment of attorneys' fees or costs of any kind from any of the Released Parties as defined by Paragraph 3(a);

(c)     These proceeds are in full and complete resolution of all claims, including claims for attorneys' fees and costs that were made or could have been made in the Lawsuit and the claims asserted therein and in consideration for Employee waiving and releasing any and all claims as set forth in Paragraph 3 below.  Employee acknowledges that it is his responsibility alone to make all necessary tax payments and other required deductions, if any, in connection with the amounts being paid to him, and that he will indemnify and hold harmless Sunmerry and its insurers, its insurers' current and former agents, and assigns on all claims, assessments, demands, penalties and/or interest of any nature or description, asserted by any authorized governmental taxing authority as a result of the designation of these amounts and/or the payment made to him.

(d) Employee will indemnify and hold harmless Sunmerry and its insurers, its insurers' current and former agents, and assigns on all claims, assessments, demands, penalties and/or interest of any nature or description, asserted by any authorized governmental taxing authority incurred as a

result of their designation or classification of the Settlement Proceeds as set forth in Paragraph 1(a)(i)-(ii).

2.   **Dismissal of the Lawsuit**:

In support of a Motion to approve to this Agreement, Employee, through his attorney, will execute a Stipulation and Consent Order of Dismissal as to Sunmerry With Prejudice and Without Costs ("Stipulation of Dismissal") in the form annexed as Exhibit A, which will be submitted simultaneously with said Motion.  If the above reference motion is granted and the Order executed by the Court, the terms of the Stipulation and Consent Order of Dismissal are expressly incorporated by reference in this Agreement as if set forth in full.

3.   **Mutual General Release:**

(a) In consideration for the making of this Agreement, and for other benefits realized by the Parties under this Agreement, Employee, for himself and his current and former agents, family members, heirs, administrators, beneficiaries, executors, attorneys, successors, assigns, and any and all persons acting by, through or in concert with any of same (collectively the "Releasing Parties"), knowingly, voluntarily and unconditionally release and forever discharge Sunmerry, its insurers, and its and its insurers' current and former agents, heirs, administrators, beneficiaries, executors, attorneys, successors, assigns, parents, subsidiaries, divisions, and/or affiliates (whether incorporated or unincorporated), and their directors, officers, trustees, contractors, employees (in their individual and respective capacities), and any and all persons acting by, through or in concert with any of same (collectively the "Released Parties"), from any and all rights, claims, or causes of action, including without limitation, those arising out of his employment with Sunmerry or the facts as alleged in the Lawsuit or the claims asserted therein, and including any and all other liabilities of any nature or amount, whether known or unknown,

4

suspected or unsuspected, in law or equity, including, but not limited to, claims for indemnification, contribution, compensation, commissions, non-vested benefits, sick, administrative and/or vacation accrual, reinstatement, promotion, hiring, back pay, front pay, liquidated damages, compensatory damages, consequential damages, punitive damages, wage and hour violations, breach of contract, discrimination on any unlawful basis that he may have or ever had against the Released Parties, up until the execution of this Agreement.

(b) Without limiting the foregoing, Employee specifically releases, relinquishes, waives and forever gives up any and all claims, rights or causes of action that he may have or ever had against the Released Parties under:

(1)  the Constitution of United States;

(2)  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. and as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(k) et seq.;

(3)  the Equal Pay Act of 1963, 29 U.S.C. § 206 et seq.;

(4)  the New Jersey Equal Pay Act, N.J.S.A. 34:11-56.2, as amended by the Diane B. Allen Equal Pay Act, N.J.S.A. 34:11-56.13 et seq.;

(5)  the Civil Rights Acts of 1866 and 1871, 42 U.S.C. §1981, and 42 U.S.C. §1983 et seq.;

(6)  the Americans with Disabilities Act, 42 U.S.C. §12010 et seq.;

(7)  the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. and 29 U.S.C. §2651(b) et seq.;

(8)  the New Jersey Paid Leave Act, P.L. 2008, c. 17, and New Jersey Temporary Disability Benefits Law, N.J.S.A. 43:21-25 et seq., to extent permitted by law;

(9)  the Rehabilitation Act of 1973, 29 U.S.C. §791 et seq.;

(10) the Fair Labor Standards Act and Equal Pay Act, 29 U.S.C. §201 et seq.;

(11) the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq.; as amended by the Older Workers Benefit Protection Act;

5

(12)    the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 et seq.;

(13)    the Immigration Reform and Control Act of 1986, 8 U.S.C. 1255 et seq.;

(14)    the National Labor Relations Act, 29 U.S.C. 151 et seq. and Labor Management Relations Act, 29 U.S.C. § 185 et seq.;

(15)    the Worker Adjustment and Retraining Notification Act, 29 U.S.C.A. § 2101 et seq.;

(16)    the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq.;

(17)    Executive Order 11246;

(18)    the Constitution of the State of New Jersey;

(19)    the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. as amended by the Diane B. Allen Equal Pay Act, N.J.S.A. 10:5-12(a), (r), (t) et seq.;

(20)    the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 et seq.;

(21)    the New Jersey Security and Financial Empowerment Act or "NJ SAFE Act," N.J.S.A. 34:11C-1 et seq.;

(22)    the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq.;

(23)    the New Jersey Workers' Compensation Law, N.J.S.A. 34:15B-1 et seq., to the extent permitted by law;

(24)    the New Jersey Wage Payment Act and Wage & Hour Law, N.J.S.A. 34:11-4.1 et seq. and 34:11-56a et seq., respectively;

(25)    the New Jersey Earned Sick Leave Law, N.J.S.A. 34:11D-1 et seq.;

(26)    New Jersey Statutes Annotated "Voting Rights" Provision, New Jersey Statutes Annotated "Reemployment of Military Personnel" Provision, New Jersey Statutes Annotated "Polygraph" Provision, New Jersey Statutes Annotated "Jury Duty" Provision, New Jersey Statutes Annotated "Convictions" Provision, New Jersey Statutes Annotated "Lie Detector Tests" Provision, New Jersey Statutes Annotated "Medical Coverage Continuation" Provision, New Jersey Statutes Annotated "Garnishment" Provision, New Jersey Statutes Annotated "Tobacco Outside Workplace"

Provision, New Jersey Statutes Annotated Workers' Compensation "Retaliation" Provision, New Jersey Statutes Annotated "Genetic Information" Provision and The Genetic Information Nondiscrimination Act Of 2008;

(27) any express or implied contract between the Parties or any Released Parties, or any of them, including without limitation claims arising out of any employee handbooks, manuals, policies, practices or procedures of Sunmerry or otherwise;

(28) any other federal, state, or local, civil or human rights law, rule, regulation, or ordinance; and

(29) any public policy, tort, or common law, including any claim of emotional distress;

(c) It being Employee's intention to waive and release any and all claims of every nature that the Releasing Parties may have, ever had, or hereafter can, shall or may have against the Released Parties by reason of any matter, cause or thing whatsoever arising from the beginning of time until the date Employee signs this Agreement. Employee further understands that this Agreement is given in exchange for consideration, in addition to anything of value to which he was or is already entitled apart from the settlement, release of claims and other legal obligations of this Agreement.

(d) If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Released Party identified in this Agreement is a party. Employee further affirms that other than the bona fide dispute that forms the basis of his claims in this Lawsuit and is the subject matter of this Settlement Agreement, he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which Employee may be entitled and that no other leave (paid or unpaid), compensation, wages,

bonuses, commissions and/or benefits are due to Employee, except as provided in this Agreement.  Employee also affirms that Employee has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act and/or the New Jersey Family Leave Act.

(e) Employee also waives and gives up any right to become, and promises not to consent to become, a member of any class in a case in which claims are asserted against any Released Parties that are related in any way to Employee's employment or the termination of Employee's employment with Sunmerry, expressly including, but not limited to, claims under the Fair Labor Standards Act, New Jersey Wage and Hour Law, and/or New Jersey Wage Payment Law, and/or regarding the purported failure to pay overtime, straight time, gap time, minimum wage, or any other wages.  If, without Employee's knowledge and consent, Employee is made a member of a class in any proceeding, Employee agrees to opt-out of the class at the first opportunity afforded to Employee.

While Employee waives and releases all claims for remedies, nothing in this Agreement shall limit Employee's ability to initiate, provide truthful information to, or cooperate with, an investigation by a municipal, state, or federal agency for enforcement of the law.  However, this Agreement does prevent Employee, to the maximum extent permitted by law, from obtaining any monetary or other personal relief, including but not limited to personal injunctive relief, for any of the claims Employee has released herein.

(f) Employee further expressly acknowledges that, except with respect to the payments referenced in Paragraph 1(a), he is releasing and waiving any and all claims for costs (taxed or otherwise) and attorneys' fees in connection with the Lawsuit, the claims asserted therein, or otherwise.

(g) Employee specifically represents and warrants that (i) Employee has not received any Social Security Disability Benefits; and (ii) no conditional payments have been made by Medicare because of any injury allegedly relating to his employment with Sunmerry. Employee further warrants that any Workers' Compensation, Medicare or Medicaid liens, whether now known or unknown, resulting from the payment of compensation or expenses for hospital or other care and treatment of Employee's alleged injuries and damages, will be fully satisfied by Employee from the Settlement Proceeds, or otherwise, as a material condition of this Agreement. Employee further certifies that he has not filed a claim for Social Security/Medicare/Medicaid or Workers' Compensation in the past for any injury that is referenced in his Lawsuit, the claims asserted therein, or is part of this Settlement Agreement; and that Employee has certified that he has no reason to believe that he will file such a claim in the next three (3) years.  Employee specifically represents and warrants that his attorneys have counseled Employee on his obligations with respect to this settlement as it pertains to Medicare and Medicaid. In agreeing to settle this dispute on the terms herein set forth, the Released Parties have relied in good faith upon Employee's representations as to his obligations under the Medicare Secondary Payer Act.

(h) Employee agrees to satisfy from the Settlement Proceeds any and all liens, whether known or unknown as of the date of this Release, arising from any child support obligations or other court or legally imposed obligation of Employee.

(i)      This General Release is not intended to preclude Plaintiff from: (1) enforcing the terms of this Agreement in accordance with the terms therein; or (2) filing, or if already filed, pursuing a charge with the National Labor Relations Board ("NLRB"), Equal Employment Opportunity Commission ("EEOC"), the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state or local governmental agency

9

or commission (together "Government Agencies"), or to participate or cooperate in any investigation or proceeding conducted by any Government Agencies, nor shall any provision of this Agreement adversely affect his right to engage in such conduct.  However, to the extent permitted by law, Plaintiff waives the right to obtain any relief or recovery from the Government Agencies or to collect any monies or compensation as a result of filing such a charge or complaint, as permitted by law. Plaintiff further understands that this Agreement does not limit his ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information, without notice to Sunmerry; *provided, however*, that he agrees that he may not disclose Sunmerry's information that is protected by the attorney-client privilege, except as expressly authorized by law.

(j)     In exchange for the promises made by the Plaintiff herein:

Defendants knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, whether known and/or unknown, they have or may have against Plaintiff as of the date of execution of this Settlement Agreement.

**5.     No Admission of Liability:**

(a) The making of this Agreement is not intended, and shall not be construed, as any admission that Sunmerry and/or any Released Party violated any federal, state or local law (statutory or decisional), ordinance or regulation, breached any duty due or owing, or committed any wrongdoing or wrongful act against Employee, the Releasing Parties, or any other employee or former employee of Sunmerry.

(b) Employee agrees that he will not offer or use this Agreement as evidence in any proceeding of any type against or involving Sunmerry or any other Released Party, except to the

extent necessary to enforce the terms of this Agreement or as required by law, nor shall Employee provide a copy of this Agreement to any person other than his attorney and tax advisor except if compelled to do so by legal process.  In the event, however, that Employee is served with any subpoena or any legal process seeking the production of this Agreement, or the disclosure of its terms, he specifically agrees to be bound by the terms of Paragraphs 6, 7 and 8 of this Agreement with respect to the production thereof.

6. **Covenant Not to Sue:**

Employee represents that, except for the Lawsuit, he has not filed any charges, complaints or claims of any kind against Sunmerry or any other Released Party in any other court or administrative agency, and, subject to the provisions of Paragraph 3(e), Employee covenants that no such claims shall at any time hereinafter be filed against Sunmerry or any other Released Party, with respect to any matter, cause or thing whatsoever arising from the beginning of time until the date Employee signs this Agreement, and, except as otherwise permitted by law, Employee agrees that he will not file, nor permit to be filed on his behalf, and will not permit himself to be a member of, any existing or potential class seeking relief against Sunmerry, expressly including any Released Party, for any claim or cause of action covered by this Agreement and which is based upon any matter, cause or thing whatsoever arising from the beginning of time until the date Employee signs this Agreement.  To the extent that an administrative agency or other person files a charge on Employee's behalf, individually or as a class member, Employee waives the right to any individual damages, remedies or other relief for himself personally with respect to any such claim.  Notwithstanding anything herein to the contrary, either party may file an action to enforce the terms of this agreement.

7.    **Mutual Non-Disparagement:**

(a)   Subject to the provisions of Paragraph 3(e) of this Agreement, the Parties agree that they will not negatively comment or otherwise disparage the other in any way, including but not limited to, in connection with the events and circumstances pertaining to this dispute.  If inquiry is made by any third party regarding the merits of this dispute, either party shall only respond: "No comment."  It shall not, however, be a violation of this paragraph for either party to make truthful statements (i) when required to do so by a court of law or arbitrator, or by any governmental agency with actual or apparent jurisdiction to order either party to divulge, disclose or make accessible such information; or (ii) to the extent necessary with respect to any litigation, arbitration or mediation involving this Agreement, including, but not limited to, enforcement of this Agreement.

(b)   The Parties further acknowledge and agree that in the event of a breach of this nondisparagement provision, either party shall be entitled to injunctive or other equitable relief, including but not limited to specific performance, and that nothing herein contained shall prevent either party from pursuing other remedies available to them at law or in equity for such breach or threatened breach.  In addition, if either party violates the non-disparagement provisions of this Agreement, as proven through a preponderance of the evidence of breach in any action to enforce those provisions, liquidated damages will be presumed in the amount of five thousand dollars ($5,000.00) for each proven occurrence.  These liquidated damages are in addition to any other relief that a Court may order upon the presentation of proof of a violation of these non-disparagement provisions.  The Parties agree that they will pay such amount to the other party without proof of actual damages.  In the event that the Court awards damages for breach, the amounts set forth in this paragraph shall be considered liquidated damages, without prejudice to

any and all other damages that a Court may award for any such breach.  The parties further acknowledge and agree that an Order requiring the payment of any or all of the liquidated damages amounts or awarding damages for breach of those provisions shall not bar specific performance of the non-disparagement provisions of the Agreement.   Both parties understand and agree that the non-disparagement provisions of this paragraph are material elements of this Agreement, that any breach of these non-disparagement provisions by either party or on their behalf would cause the other party irreparable injury.  Any violation of the provisions of this paragraph shall be deemed a material breach of this Agreement.

      **8.**    **<u>Non-Participation in Litigation:</u>**

    (a)  Subject to the provisions of Paragraph 3(e) and (i) of this Agreement, Employee agrees not to voluntarily participate or assist in any other pending or future litigation against Sunmerry or any of the other Released Parties, although the Released Parties acknowledge that Employee would be obligated by law to comply with a lawfully-served subpoena, court order, process, or agency action.  In the event, however, that Employee is served with any such subpoena, court order, or process, he or his counsel will promptly notify Sunmerry, and afford Sunmerry or any representative thereof the opportunity to quash such subpoena and to be present for any proceedings, preparation meetings and any other communications concerning any such subpoenaed or other compelled testimony or documents.  Such notification and copy shall be sent via reputable commercial carrier to the following:

Peter Kao
Sunmerry
14805 Jeffrey Road Suite E
Irvine, CA, 92618

(b)  Employee further acknowledges and agrees that in the event of a breach of this non-participation obligation, any Released Parties shall be entitled to the relief provided for in Paragraph 5(b) of this Agreement.

### 9.   No Reemployment:

Employee waives any and all rights or claims which he may have to reinstatement, employment, reemployment, or independent contractor work with Sunmerry.  Employee also agrees he will not knowingly apply for reinstatement, employment, reemployment, or independent contractor work with Sunmerry and any affiliated entity and will immediately resign any such inadvertent employment upon notification that such employment is in breach of this Agreement.  Employee agrees that if he is inadvertently rehired, his employment may be terminated immediately based solely on this Agreement and that this Agreement provides a legitimate, non-discriminatory reason for such termination.

### 10.   Entire Agreement:

This Agreement, consisting of twenty pages, as well as one exhibit, and containing sixteen (16) numbered paragraphs, constitutes the entire agreement with respect to its subject matter and supersedes all prior written or oral agreements, statements, offers, offers of judgment, or understandings.  Employee acknowledges that he is not relying on any other representations, warranties, agreements or undertakings other than those expressly contained herein.  This Agreement may be executed in more than one counterpart, each of which is an original, but all taken together, shall be deemed one and the same Agreement.

### 11.   Amendment or Modification:

This Agreement shall not be amended, modified or revised except by a written instrument duly signed by all of the Parties hereto or their respective successors or assigns.  No oral

statement of any person shall in any manner or degree, modify the terms and provisions of this Agreement.

### 12. **Controlling Law:**

This Agreement shall be construed in accordance with and governed by the laws of the State of New Jersey without reference to its conflict of laws provisions. To the extent that the Parties seek to enforce the provisions of this Agreement, or litigate any other dispute or controversy among the Parties arising out of the matters herein, any and all such actions shall be filed and venued only in the United States District Court for the District of New Jersey, for which the Court shall retain jurisdiction.

### 13. **Severability:**

If any provision of this Agreement is declared invalid or unenforceable by any court of competent jurisdiction, and if such provision cannot be modified to be enforceable to any extent or in any application, the remaining provisions shall nevertheless survive and continue in full force and effect.

### 14. **Effectuation of this Agreement:**

The Parties to this Agreement state that they will do everything within their power to effectuate the spirit and intent of this Agreement, and that they will cooperate in the carrying out of the terms of this Agreement.

### 15. **Electronic Records:**

Sunmerry may convert this Agreement into an electronic record. The Parties consent to and recognize the validity, enforceability and admissibility of such electronic record, which shall have the same force and effect as the original Agreement.

16.   **Headings:**

Headings in this Agreement are for convenience only.  They do not limit, modify, or change the text of this Agreement and may not be used to interpret or construe this Agreement.

**BY SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE, EMPLOYEE SPECIFICALLY ACKNOWLEDGES THAT:**

A.    **HE HAS READ IT;**

B.    **HE UNDERSTANDS IT AND KNOWS THAT HE IS GIVING UP IMPORTANT LEGAL RIGHTS;**

C.    **HE AGREES WITH EVERYTHING IN IT AND TO ABIDE BY THE TERMS OF THIS AGREEMENT;**

D.    **HIS ATTORNEY(S) NEGOTIATED THIS AGREEMENT WITH HIS ASSISTANCE, KNOWLEDGE, AND CONSENT;**

E.    **HE HAS BEEN OR IS HEREBY ADVISED TO CONSULT WITH AN ATTORNEY(S) CONCERNING THIS AGREEMENT PRIOR TO EXECUTING THIS AGREEMENT, AND HE HAS IN FACT DONE SO TO THE EXTENT DESIRED;**

F.    **HE HAS BEEN GIVEN 21 DAYS WITHIN WHICH TO CONSIDER AND REVIEW THIS AGREEMENT;**

G.    **HE UNDERSTANDS THAT THIS AGREEMENT WILL NOT BE EFFECTIVE FOR A PERIOD OF SEVEN (7) DAYS FOLLOWING HIS SIGNATURE, DURING WHICH TIME HE CAN CHANGE HIS MIND AND REVOKE HIS SIGNATURE.  HE SHALL NOT BE ENTITLED, HOWEVER, TO ANY BENEFIT SET FORTH HEREIN UNTIL AFTER THE SEVEN DAYS HAVE EXPIRED, AND ONLY IF HE HAS NOT REVOKED HIS SIGNATURE DURING THAT TIME.  REVOCATION WILL ONLY BE EFFECTIVE IF TIMELY DELIVERED VIA REPUTABLE COMMERCIAL CARRIER TO THE FOLLOWING PERSON AT THE FOLLOWING ADDRESS:**

Peter Kao
Sunmerry
14805 Jeffrey Road Suite E
Irvine, CA, 92618

**H.    HE HAS SIGNED THIS AGREEMENT KNOWINGLY, VOLUNTARILY AND WITHOUT UNDUE COMPULSION OR DURESS.**

DATED: ___7/24___, 2019

_Jonathan Zous Vargas_
JONATHAN VARGAS

Sworn and subscribed to
before me on this 24th
day of __July__ 2019.

_____

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015 23

DATED: _____, 2019

_____
ON BEHALF OF
SUN MERRY USA INC. D/B/A SUNMERRY
BAKERY AND CAFÉ.

DATED: _____, 2019

_____
PEI-HSUAN KAO

17

**H.** **HE HAS SIGNED THIS AGREEMENT KNOWINGLY, VOLUNTARILY AND WITHOUT UNDUE COMPULSION OR DURESS.**

DATED: _____, 2019

_____
JONATHAN VARGAS

Sworn and subscribed to
before me on this ____
day of _____ 2019.

_____

DATED: _____7/23_____, 2019

_____
ON BEHALF OF
SUN MERRY USA INC. D/B/A SUNMERRY
BAKERY AND CAFÉ.

DATED: _____7/23_____, 2019

_____
PEI-HSUAN KAO

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN VARGAS, on behalf of himself and others similarly situated,<br><br>                                Plaintiff,<br>v.<br><br>SUN MERRY USA INC. d/b/a SUNMERRY BAKERY AND CAFÉ, PEI-HSUAN KAO, and JOHN DOES 1-5,<br>                           Defendants. | Civil Action No. 2:19-cv-1167<br><br>**STIPULATION AND ORDER<br>OF DISMISSAL** |

WHEREAS, on January 28, 2019, Plaintiff filed a complaint, which asserted claims for, *inter alia*, unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law and Regulations; and

WHEREAS, although commenced as a putative collective action under the FLSA, Plaintiff did not seek conditional certification and no other persons were notified of this action; and

WHEREAS, the Parties have a genuine dispute regarding Plaintiff's claims; and

WHEREAS, the Parties settled this action based upon arms-length negotiations, the terms of which have been judicially reviewed and are deemed fair and reasonable, and are incorporated herein by reference; and

WHEREAS, the United States District Court for the District of New Jersey shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the Parties in this action;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Plaintiff and Defendants that this action is hereby dismissed and discontinued in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED on this _____ day of _____, 2019

_____
HONORABLE LEDA D. WETTRE, U.S.M.J.

The form and substance of this Order is hereby consented to by:

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*

By: _____
Giustino (Justin) Cilenti
10 Grand Central
155 E. 44th Street – 6th Floor
New York, New York 10017
(t) (212) 209-3933

Dated: 7/26/19

WALSH PIZZI O'REILLY FALANGA LLP
*Attorneys for Defendants*

By: _____
M. Trevor Lyons
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(t) (973) 757-1011

Dated: 7/29/19

19